**Addendum A - In Re Inner City Press, 26-2758 (26-cv-4094-WFK EDNY)**

**Nature of the Action:**

This is an appeal from an order denying a non-party journalist's application to unseal the docket sheet and entries in Criminal Docket No. 18-CR-277, an Eastern District of New York criminal case captioned "Sealed v. Sealed," which has remained entirely invisible on PACER and CourtListener since its filing, disclosing no case name, no party information, and no indication of its existence to the public.

**Statement of Facts:**

Appellant, a journalist for Inner City Press, discovered the existence of the sealed criminal docket in 2026 and wrote to the district court asking that it be unsealed. The government opposed, asserting that a July 7, 2026 status conference, held in ostensibly open court but not listed in PACER, concerning a docket whose existence remained undisclosed to the public, satisfied the requirement of specific, on-the-record findings justifying continued sealing.

The district court held oral argument on August 24, 2026, and denied the motion on September 3, 2026, finding that specific findings had been made at the July 7 conference without stating what those findings were, and crediting four generic categories of information — personal information, medical information, third-party information, and law enforcement sensitive information — as sufficient to justify continued sealing of the docket's existence in its entirety.

Appellant's position is not, and has never been, that the courtroom itself was physically closed to the public on July 7, 2026. The issue is narrower and distinct: a docket sheet that remains entirely absent from public court-record databases, such that no member of the public could know of its existence, let alone attend any proceeding concerning it, regardless of whether that proceeding was nominally open. That this seems to apply to 90 case for this one District Judge militates for a programmatic resolution of the issue.

**Addendum B - In Re Inner City Press, 26-2758 (26-cv-4094-WFK EDNY)**

**Issues Proposed to Be Raised on Appeal:**

1. Whether the district court erred in finding that unrecited findings, referenced only by the government's characterization of a prior conference, satisfy the requirement under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006), that sealing be supported by specific findings stated on the record sufficient for appellate review.

2. Whether the district court erred in accepting four generic categories of information as adequate justification for sealing, where Lugosch holds that "broad and general findings... are not sufficient to justify closure."

3. Whether the district court erred in failing to separately analyze the sealing of the docket sheet itself, as distinct from the sealing of specific documents within it, under Hartford Courant Co. v. Pellegrino, 380 F.3d 83 (2d Cir. 2004), which recognizes that concealing a docket's existence is a distinct and more serious harm than sealing particular filings.

4. Whether a public calendar entry for a status conference, which disclosed no information identifying the underlying case, can constitute meaningful notice sufficient to defeat a later claim that the public was denied an opportunity to be heard.

**Relief Sought:** Reversal of the September 3, 2026 order, or vacatur and remand with instructions that the district court state specific, document-by-document findings sufficient for appellate review and separately address the docket sheet's own concealment.

That a single district judge has presided over approximately ninety cases sealed in this identical manner — invisible on public dockets, captioned only "Sealed v. Sealed" or "United States v. John Doe" — over fifteen years, by his own disclosure on the record, militates for a programmatic resolution of the underlying practice, rather than a case-by-case one. The question this appeal presents is not confined to

a single docket's specific facts; it concerns whether a recurring, undisclosed practice affecting dozens of cases in this District alone satisfies the particularized-findings requirement this Court has long required before the public may be denied knowledge that a case exists at all.

**Related Cases:** None known.

**Signature:** /s/ Matthew Russell Lee, journalis, appearing as counsel for Inner City Press